1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11   TITO ODILON LOPEZ,              )   Civil No. 12cv1941 IEG(RBB)
                                     )
12              Petitioner,          )   **REPORT AND RECOMMENDATION**
                                     )   **GRANTING RESPONDENT'S**
13   v.                              )   **MOTION TO DISMISS PETITION**
                                     )   **FOR WRIT OF HABEAS CORPUS**
14   RANDY GROUNDS, Warden,          )   **[ECF NO. 10]**
                                     )
15              Respondent.          )
     _____)
16

17       Petitioner Tito Odilon Lopez, a state prisoner proceeding pro

18   se and in forma pauperis, filed a Petition for Writ of Habeas

19   Corpus [ECF No. 1, 5] pursuant to 28 U.S.C. § 2254, alleging claims

     of ineffective assistance of counsel and insufficiency of evidence
20
     at trial.  (Pet. 6, 19,[1] ECF No. 1.)  On December 11, 2012,
21
     Respondent filed a Notice of Motion and Motion to Dismiss Petition
22
     for Writ of Habeas Corpus and a Memorandum of Points and
23
     Authorities in Support of Motion [ECF No. 10], and a Notice of
24
     Lodgment [ECF No. 11].  Respondent moved to dismiss the Petition on
25
     the ground that it is untimely.  (Resp't's Mot. Dismiss Attach. # 1
26

27   _____

          [1] Because Lopez's Petition is not consecutively paginated, the
28   Court will cite to it using the page numbers assigned by the
     electronic case filing system.

                                    1

Mem. P. & A. 4-7, ECF No. 10.)  On January 14, 2013, Lopez filed a
document entitled Traverse and Objection to the Attorney
General['s] Response and Motion to Dismiss [ECF No. 12], which the
Court construes as his Opposition to the Motion to Dismiss.
Respondent's Reply to Petitioner's Opposition to the Motion to
Dismiss [ECF No. 15] was filed on May 13, 2013.

The Court has reviewed the Petition, Respondent's Motion and
Memorandum in Support of the Motion, Petitioner's Opposition,
Respondent's Reply, and the lodgments.  For the reasons expressed
below, Respondent's Motion to Dismiss should be **GRANTED**.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On July 28, 2006, following a jury trial in the San Diego
County Superior Court, Lopez was convicted of ten felony counts and
attendant enhancements:  torture in violation of California Penal
Code section 206 (count one); assault and battery in violation of
California Penal Code sections 240 and 242 (count two); kidnapping
with the infliction of great bodily injury causing permanent
paralysis in violation of California Penal Code sections 207(a),
12022.7(b) and (e) (count three); forcible rape in violation of
California Penal Code section 261(a)(2) (count four); forcible oral
copulation with use of a deadly and dangerous weapon in violation
of California Penal Code sections 288a(c), 667.61(b)(c) and (e),
12022.3(a) (count five); assault by means of force likely to
produce great bodily injury in violation of California Penal Code
section 245(a)(1) (count six); assault with a deadly weapon in
violation of California Penal Code sections 245(a)(1),
1192.7(c)(23) (count seven); corporal injury to a spouse/roommate
with the use of a deadly weapon in violation of California Penal

1  Code section 273.5(a) (count eight); corporal injury to a
2  spouse/roommate with infliction of great bodily injury causing
3  permanent paralysis in violation of California Penal Code sections
4  273.5(a), 12022.7(b) and (e), 12022.9 (count nine); making a
5  criminal threat in violation of California Penal Code section 422
6  (count 10); and false imprisonment with use of a deadly weapon and
7  infliction of great bodily injury causing permanent paralysis in
8  violation of California Penal Code sections 236, 237(a),
9  12022(b)(1), 12022.7(b) & (e), 12022.9 (count eleven).  (Lodgment
10 No. 4, People v. Lopez, No. D049356, slip op. at 1-2 (Cal. Ct. App.
11 Feb. 5, 2008).)  On August 28, 2006, the trial court sentenced
12 Lopez to an aggregate term of thirty years, eight months to life.
13 (Id. at 2.)

14      Petitioner appealed the judgment of conviction.  (Lodgment No.
15 1, Appellant's Opening Brief, People v. Lopez, No.D049356 (Cal. Ct.
16 App. Mar. 9, 2007).)  On February 5, 2008, the California Court of
17 Appeal for the Fourth District, Division One, issued an unpublished
18 opinion modifying the judgment by striking the false imprisonment
19 charge and attendant enhancements in count eleven,[2] and affirming
20 the conviction.  (Lodgment No. 4, People v. Lopez, No. D049356,
21 slip op. at 3-4, 22.)  Lopez filed a petition for review with the
22 California Supreme Court in case number S161709.  (Lodgment No. 5,
23 Petition for Review, People v. Lopez, No. S161709 (Cal. Mar. 13,
24 2008).)  On May 14, 2008, the California Supreme Court denied the
25 petition.  (Lodgment No. 6, People v. Lopez, No. S161709, order at

26

27         [2] Lopez argued, and the People conceded, that the false
   imprisonment charge in count eleven must be stricken because it was
28 a lesser included offense of kidnapping in count three.  (See
   Lodgment No. 4, People v. Lopez, No. D049356, slip op. at 3.)

1 (May 14, 2008).)  Lopez did not file a petition for writ of

certiorari with the United States Supreme Court.  (<u>See</u> Pet. 3, ECF

No. 1.)

   Sometime between 2008 and June 23, 2009, Lopez collaterally

challenged the judgment by filing a petition for writ of habeas

corpus in the San Diego Superior Court.[3]  (Pet. 3, ECF No. 1.)

Lopez claimed that insufficient evidence supported his conviction

of forcible rape in count four because the victim gave inconsistent

testimony at the preliminary examination and trial.  (Lodgment No.

7, <u>In re Lopez</u>, No. HCN 1042/SCN 225017, order at 1-2 (Cal. Super.

Ct. S.D. Cnty. June 23, 2009).)   He also alleged his attorney was

ineffective for failure to file a motion to dismiss the forcible

rape charge.  (<u>Id.</u> at 2.)  The state court denied the habeas

petition on June 23, 2009, on the ground that Lopez failed to raise

these claims on appeal.  (<u>Id.</u> at 2-3.)

   On July 24, 2009, Lopez filed a habeas petition in the

California Court of Appeal, raising the same two claims.  (Lodgment

No. 8, <u>Lopez v. Evans</u>, No. D055563 (Cal. Ct. App. July 24, 2009)

(petition for writ of habeas corpus).)  On September 23, 2009, the

court of appeal denied the petition, stating that a challenge to

the sufficiency of evidence is not cognizable on habeas corpus and

that Lopez failed to demonstrate he would have achieved a better

result but for the purported attorney error.  (Lodgment No. 8, <u>In

re Lopez</u>, No. D055563, order (Cal. Ct. App. Sept. 23, 2009).)

---

   [3] Lopez's state habeas petition is not part of the Court's
record.  Respondent submits that the San Diego County Superior
Court has not provided a copy of that petition despite two
requests.  (<u>See</u> Resp't's Mot. Dismiss Attach. # 1 Mem. P. & A. 5
n.4, ECF No. 10.)

On October 26, 2009, Lopez filed a petition for writ of habeas corpus in the California Supreme Court.  (Lodgment No. 10, <u>Lopez v. Evans</u>, No. S177420 (Cal. Oct. 26, 2009) (petition for writ of habeas corpus).)  The California Supreme Court denied Lopez's petition on April 14, 2010.  (Lodgment No. 11, <u>In re Lopez</u>, No. S177420, order (Cal. Apr. 14, 2010).)

## II.   STANDARD OF REVIEW

Lopez's Petition in this case was constructively filed on August 5, 2012.[4]  (Pet. 30, ECF No. 1.)  Because Lopez filed his Petition after April 24, 1996, it is subject to the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996.  28 U.S.C.A. § 2244 (West 2012).  AEDPA sets forth the scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

<u>Id.</u> § 2254(a); <u>see also</u> <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir. 1991).  In 1996, Congress "worked substantial changes to the law of habeas corpus." <u>Moore v. Calderon</u>, 108 F.3d 261, 263 (9th Cir. 1997).  Amended § 2254(d) now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

---

[4] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing.  <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988); <u>Campbell v. Henry</u>, 614 F.3d 1056 (9th Cir. 2010); <u>see also</u> Rule 3(d) of the Rules Governing Section 2254 Cases.  Although the Petition was filed on August 6, 2012, pursuant to the mailbox rule, the Court considers the Petition filed on August 5, 2012, the date Lopez signed the Petition.

1        (1) resulted in a decision that was contrary
         to, or involved an unreasonable application of,
2        clearly established Federal law, as determined
         by the Supreme Court of the United States; or
3
         (2) resulted in a decision that was based on an
4        unreasonable determination of the facts in
         light of the evidence presented in the State
5        court proceeding.

6   28 U.S.C.A. § 2254(d).

7        To present a cognizable federal habeas corpus claim, a state

8   prisoner must allege that his conviction was obtained "in violation

9   of the Constitution or laws or treaties of the United

10  States."  See 28 U.S.C.A. § 2254(a).  Petitioner must allege that

11  the state court violated his federal constitutional rights.  See

12  Reed v. Farley, 512 U.S. 339, 347 (1994); Hernandez, 930 F.2d at

13  719; Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir. 1990).

14       A federal district court does "not sit as a 'super' state

15  supreme court" with general supervisory authority over the proper

16  application of state law.  Smith v. McCotter, 786 F.2d 697, 700

17  (5th Cir. 1986); see also Lewis v. Jeffers, 497 U.S. 764, 780

18  (1990) (holding that federal habeas courts must respect a state

19  court's application of state law); Jackson, 921 F.2d at 885

20  (concluding that federal courts have no authority to review a

21  state's application of its law).  Federal courts may grant habeas

22  relief only to correct errors of federal constitutional magnitude.

23  Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989)

24  (stating that federal courts are not concerned with errors of state

25  law unless they rise to the level of a constitutional violation).

26       The Supreme Court, in Lockyer v. Andrade, 538 U.S. 63 (2003),

27  stated that "AEDPA does not require a federal habeas court to adopt

28  any one methodology in deciding the only question that matters

                                6                    12cv1941 IEG(RBB)

1  under § 2254(d)(1) — whether a state court decision is contrary to,

2  or involved an unreasonable application of, clearly established

3  Federal law." Id. at 71 (citation omitted).  In other words, a

4  federal court is not required to review the state court decision de

5  novo. Id.  Rather, a federal court can proceed directly to the

6  reasonableness analysis under § 2254(d)(1).  Id.

7       The "novelty" in § 2254(d)(1) is "the reference to 'Federal

8  law, as determined by the Supreme Court of the United States.'"

9  Lindh v. Murphy, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), rev'd

10  on other grounds, 521 U.S. 320 (1997).  Section 2254(d)(1)

11  "explicitly identifies only the Supreme Court as the font of

12  'clearly established' rules." Id.  "[A] state court decision may

13  not be overturned on habeas corpus review, for example, because

14  of a conflict with Ninth Circuit-based law." Moore, 108 F.3d at

15  264.  "[A] writ may issue only when the state court decision is

16  'contrary to, or involved an unreasonable application of,' an

17  authoritative decision of the Supreme Court." Id.; see also Baylor

18  v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996); Childress v.

19  Johnson, 103 F.3d 1221, 1225 (5th Cir. 1997); Devin v. DeTella, 101

20  F.3d 1206, 1208 (7th Cir. 1996).

21          [A] state court decision is "contrary to [the Supreme
            Court's] clearly established precedent if the state court
22          applies a rule that contradicts the governing law set
            forth in [the Court's] cases" or "if the state court
23          confronts a set of facts that are materially
            indistinguishable from a decision of [the] Court and
24          nevertheless arrives at a result different from . . .
            precedent."
25
    Lockyer, 538 U.S. at 73 (quoting Williams v. Taylor, 529 U.S. 362,
26
    405-06 (2000)). A state court unreasonably applies federal law if
27
    its application is "objectively unreasonable," which is "more than
28
    [being] incorrect or erroneous." Id. at 75.

                                    7
                                                    12cv1941 IEG(RBB)

### III.   DISCUSSION

Respondent Grounds moves to dismiss Lopez's Petition as untimely, arguing that it was filed almost three years after the statute of limitations had expired. (Resp't's Mot. Dismiss Attach. # 1 Mem. P. & A. 1, ECF No. 10.) Specifically, Respondent contends that Petitioner's conviction became final on August 14, 2008, and thus the one-year statute of limitations, absent any tolling, would have expired on August 14, 2009. (Id.) Even with statutory tolling, Grounds argues that Lopez's Petition is untimely by sixteen months. (Id. at 6.)

The statute of limitations for federal habeas corpus petitions is set forth in § 2244(d), which provides in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1).

It is appropriate to dismiss a federal petition for writ of habeas corpus with prejudice when it was not filed within the AEDPA's one-year statute of limitations. Jiminez v. Rice, 276 F.3d

1  478, 483 (9th Cir. 2001).  Statute of limitations issues must be

2  resolved before the merits of individual claims.  <u>White v.</u>

3  <u>Klitzkie</u>, 281 F.3d 920, 921-22 (9th Cir. 2002).

4      Here, the appellate court affirmed Petitioner's conviction and

5  sentence on February 5, 2008.  (Lodgment No. 4, <u>People v. Lopez</u>,

6  No. D049356, slip op. at 3-4, 22.)  Lopez then petitioned the

7  California Supreme Court for review, and the court denied the

8  petition on May 14, 2008.  (Lodgment No. 6, <u>People v. Lopez</u>, No.

9  S161709, order at 1.)  Lopez did not file a petition for writ of

10  certiorari with the United States Supreme Court.

11      United States Supreme Court Rule 13 provides that a petition

12  for certiorari must be filed within ninety days of the entry of an

13  order denying discretionary review by the state supreme court.  <u>See</u>

14  S. Ct. R. 13.  When a habeas petitioner seeks direct review by the

15  state's highest court but does not file a petition with the United

16  States Supreme Court, the judgment becomes final when the

17  prisoner's time to petition the Supreme Court expires.  <u>Bowen v.</u>

18  <u>Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

19      Lopez's judgment became final for the purposes of AEDPA on

20  August 14, 2008, ninety days after the California Supreme Court

21  denied his petition for review.  <u>See id.</u>; <u>see also</u> S. Ct. R. 13.

22  Pursuant to § 2244(d), the statute of limitations for federal

23  habeas corpus began to run on August 15, 2008, the day after the

24  judgment became final.  28 U.S.C.A. § 2244(d)(1)(A); <u>see Corjasso</u>

25  <u>v. Ayers</u>, 278 F.3d 874, 877 (9th Cir. 2002) (explaining that the

26  one-year statute of limitations under AEDPA begins to run the day

27  after the conviction becomes final).  The one-year statute of

28  limitations period would have expired on August 15, 2009.  <u>See</u>

Patterson v. Stewart, 251 F.3d 1243, 1245-46 (9th Cir. 2001)
(quoting Fed. R. Civ. P. 6(a)) ("In computing any amount of time
prescribed or allowed . . . by any applicable statute, the day of
the act, event, or default from which the designated period of time
runs shall not be included."). Lopez's federal habeas petition was
filed on August 5, 2012, almost twenty-eight months later. (Pet.
30, ECF No. 1.) Therefore, unless he is entitled to statutory or
equitable tolling, Lopez's action is barred by AEDPA's statute of
limitations.

       **A.   Statutory Tolling**

       The one-year statute of limitations for the filing of a
federal habeas petition is statutorily tolled while "a properly
filed application for State post-conviction or other collateral
review with respect to the pertinent judgment or claim is
pending . . . ." 28 U.S.C.A. § 2244(d)(2). The interval between
the disposition of one state petition and the filing of another may
be tolled under "interval tolling." Carey v. Saffold, 536 U.S.
214, 223 (2002). "[T]he AEDPA statute of limitations is tolled for
'all of the time during which a state prisoner is attempting,
through proper use of state court procedures, to exhaust state
court remedies with regard to a particular postconviction
application.'" Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999)
(quoting Barnett v. Lamaster, 167 F.3d 1321, 1323 (10th Cir.
1999)); see also Carey, 536 U.S. at 219-22. The statute of
limitations is tolled from the time a petitioner's first state
habeas petition is filed until state collateral review is
concluded, but it is not tolled before the first state collateral

challenge is filed.  <u>Thorson v. Palmer</u>, 479 F.3d 643, 646 (9th Cir. 2007) (citing <u>Nino</u>, 183 F.3d at 1006).

Respondent argues that even with statutory tolling, Lopez's Petition is untimely. (Resp't's Mot. Dismiss Attach. # 1 Mem. P. & A. 5, ECF No. 10.)  As discussed earlier, Lopez's conviction became final on August 14, 2008, ninety days after the California Supreme Court denied his petition for review, and the statute began to run on August 15, 2008.  The exact filing date of Lopez's state court habeas petition is unknown, however, Respondent notes that it was filed sometime before June 23, 2009, when the superior court denied the petition.  (<u>Id.</u>; Lodgment No. 7, <u>In re Lopez</u>, No. HCN 1042/SCN 225017 (order denying petition for writ of habeas corpus at 1-2).)  The earliest date statutory tolling would apply is August 14, 2008, the day Lopez's conviction became final.

Even if the Court affords Petitioner the widest latitude and assumes that the limitations period was tolled from that date, this Petition is still untimely by more than a year.  The California Supreme Court denied Lopez's habeas petition on April 14, 2010. (Lodgment No. 11, <u>In re Lopez</u>, No. S177420 (Cal. Apr. 14, 2010) 9 order denying petition en banc).)  Because Lopez's state collateral review became final on that day, the AEDPA statute of limitations began to run on April 15, 2010.  <u>Nino</u>, 183 F.3d at 1006 ("[T]he statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge.")  The limitations period is not tolled after state post-conviction proceedings are final and before federal habeas proceedings are initiated.  <u>See</u> 28 U.S.C. § 2244(d)(2).  Therefore, the one-year limitations period

1   expired on April 15, 2011.  Lopez did not file his federal Petition

2   until August 5, 2012, twenty-eight months after the state court

3   denied his last state habeas petition and sixteen months after the

4   limitations period expired.  Because he waited more than two years

5   to file his federal habeas petition after the state collateral

6   review of his conviction became final, Petitioner is not entitled

7   to statutory tolling.  Unless Lopez can demonstrate he is entitled

8   to equitable tolling, his Petition is time-barred.

9       **B.  Equitable Tolling**

10      A petitioner is entitled to equitable tolling of AEDPA's

11  one-year statute of limitations where "'extraordinary circumstances

12  beyond a prisoner's control made it impossible'" to file a timely

13  petition.  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)

14  (quoting Brambles v. Duncan, 330 F.3d 1197, 1202 (9th Cir. 2003)).

15  Equitable tolling of the statute of limitations is appropriate when

16  the petitioner can show "'(1) that he has been pursuing his rights

17  diligently, and (2) that some extraordinary circumstance stood in

18  his way'. . . ."  Holland v. Florida, 560 U.S. __, __, 130 S. Ct.

19  2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418

20  (2005)); see also Lawrence v. Florida, 549 U.S. 327, 335 (2007);

21  Rouse v. U.S. Dep't of State, 548 F.3d 871, 878-79 (9th Cir. 2008).

22  A petitioner seeking application of the doctrine bears the burden

23  of showing that it should apply to him.  Lawrence v. Florida, 549

24  U.S. at 336 (observing that a petitioner must prove the two

25  requirements to receive equitable tolling).

26      "'[T]he threshold necessary to trigger equitable tolling

27  [under AEDPA] is very high, lest the exceptions swallow the rule.'"

28  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (alteration

1  in original) (quoting <u>United States v. Marcello</u>, 212 F.3d 1005,

2  1010 (7th Cir. 2000).  The failure to file a timely petition must

3  be the result of external forces, not the result of the

4  petitioner's lack of diligence.  <u>Miles v. Prunty</u>, 187 F.3d 1104,

5  1107 (9th Cir. 1999).  "Determining whether equitable tolling is

6  warranted is a 'fact-specific inquiry.'"  <u>Spitsyn</u>, 345 F.3d at 799

7  (quoting <u>Frye v. Hickman</u>, 273 F.3d 1144, 1146 (9th Cir. 2001)).

8       Respondent argues that Lopez is not entitled to equitable

9  tolling because he did not diligently pursue his claims and he does

10 not allege that any extraordinary circumstances beyond his control

11 prevented a timely filing of a federal habeas petition.  (Resp't's

12 Mot. Dismiss Attach. # 1 Mem. P. & A. 7, ECF NO. 10.)  In

13 opposition, Lopez claims that he waited to file his federal

14 petition while his state court habeas petition was pending before

15 the California Supreme Court.  (Pet'r's Traverse & Objection Att'y

16 General['s] Resp. & Mot. Dismiss 2, ECF No. 12.)  Petitioner

17 alleges he relied on advice from "a jail attorney and other

18 inmates" that he was required to wait for the California Supreme

19 Court to issue a ruling before he could file his federal petition.

20 (<u>Id.</u>)  Lopez contends that he was eventually informed he could

21 inquire of the status of his state habeas petition, and he did so

22 on or about July 8, 2012.  (<u>Id.</u>)  Petitioner claims that he never

23 received the California Supreme Court's denial of his petition

24 until after his written inquiry to the court, and he was not aware

25 he could have requested an update earlier.  (<u>Id.</u> at 2-3.)  Lopez

26 attaches a copy of his request dated July 8, 2012, as well as the

27 copy of the envelope he received from the California Supreme Court

28 postmarked July 13, 2012.  (<u>Id.</u> Attach. Ex. A.)  Respondent replies

13

1  that Lopez fails to establish he exercised reasonable diligence

2  under the circumstances because he did not take any steps to

3  inquire about the status of his state habeas petition prior to July

4  8, 2012. (Resp't's Reply 4, ECF No. 15.)

5      The burden is on Petitioner to show that the "extraordinary

6  circumstances" he identified were the proximate cause of his

7  untimeliness, rather than merely a lack of diligence on his part.

8  Spitsyn v. Moore, 345 F.3d at 799; Stillman v. LaMarque, 319 F.3d

9  1199, 1203 (9th Cir. 2003). A state's failure to notify a prisoner

10 regarding a final decision in his case may support equitable

11 tolling. Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). But

12 late notice, standing alone, is not sufficient, unless the

13 petitioner acts diligently in the matter. Id.; see also Drew v.

14 Dep't of Corr., 297 F.3d 1278, 1288 (11th Cir. 2002) (rejecting a

15 claim of equitable tolling where a § 2255 petitioner "provided no

16 evidence supporting his claim that he repeatedly attempted to

17 ascertain the status of his case from the Clerk's office, a burden

18 necessary to sustaining his claim of extraordinary

19 circumstances.").

20      Here, Lopez filed his state habeas petition with the

21 California Supreme Court on October 26, 2009. (Lodgment No. 10,

22 Lopez v. Evans, No. S177420 (petition for writ of habeas corpus).)

23 He alleges he did not receive the court's denial issued on April

24 14, 2010, and instead waited almost three years until July 8, 2012

25 to request a status update. (Pet'r's Traverse & Objection Att'y

26 General['s] Resp. & Mot. Dismiss 2, ECF No. 12.) The California

27 Supreme Court's response to his inquiry was mailed to Lopez on July

28

13, 2012, and Lopez filed the instant Petition on August 5, 2012. (Pet. 30, ECF No. 1.)

Lopez bears the burden of establishing that he is entitled to equitable tolling. Lawrence v. Florida, 549 U.S. at 336. Even if the Court accepts the late notice from the California Supreme Court as an extraordinary circumstance justifying his delay in filing the federal habeas petition, Lopez must still show he acted diligently in pursuing his claims. See Ramirez v. Yates, 571 F.3d at 997. To the extent Petitioner claims that he did not file his federal habeas petition earlier because he followed the advice from other inmates and a jailhouse lawyer, he is not entitled to equitable tolling. Lopez's lack of legal knowledge and reliance on other inmates does not excuse the lengthy delay in this case. See Ford v. Pliler, 590 F.3d 782, 789 (9th Cir. 2009) (observing that the equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone[]"). A prisoner who relies on other inmates to assist him retains the "'personal responsibility of complying with the law.'" Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (citation omitted) (holding that reliance on another inmate to prepare and file a habeas petition did not warrant equitable tolling); Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988) (holding that reliance on an incompetent jailhouse lawyer does not constitute "cause" for failure to comply with a state procedural requirement).

A petitioner may be entitled to equitable tolling if, for example, "despite his diligence, he did not learn about the state court's disposition of his state habeas corpus petition until eighteen months after the petition had been denied." Drew, 297

F.3d at 1288 n.3 (discussing <u>Knight v. Schofield</u>, 292 F.3d 709
(11th Cir. 2002)).  "Attempting to ascertain the status of his
petition for writ of certiorari [is] a burden necessary to
sustaining Petitioner's claim of extraordinary circumstances."
<u>Belalcazar-Vallealla v. United States</u>, No. 8:10-CV-1964-T-27TBM,
2010 WL 4735950, at *2 (M.D. Fla. Nov. 15, 2010) (citations
omitted) (rejecting an equitable tolling claim in the context of a
§ 2255 habeas petition where petitioner waited more than two years
to inquire about the status of his writ of certiorari).  Lopez does
not demonstrate that he was diligent in learning the status of his
state habeas petition.

Petitioner fails to explain what steps he took to pursue his
case during the thirty-two months that passed between the filing of
his petition with the California Supreme Court in October of 2009
and his request for an update in July of 2012.  Petitioner concedes
that he made no efforts to check the status of his pending case
during that time.  (Pet'r's Traverse & Objection Att'y General['s]
Resp. & Mot. Dismiss 2, ECF No. 12.)  Under these circumstances,
Lopez failed to exercise due diligence, which is a prerequisite for
equitable tolling of AEDPA's statute of limitations.  <u>See</u> <u>LaCava v.</u>
<u>Kyler</u>, 398 F.3d 271, 277 (3d Cir. 2005) (concluding that petitioner
"did not exercise the requisite due diligence by allowing more than
twenty-one months to lapse from the filing of his petition for
allowance of appeal until he inquired with the Pennsylvania Supreme
Court's Prothonotary's Office as to its status."); <u>Conley v.</u>
<u>McEwen</u>, No. 2:11-cv-0126 LKK-DAD P, 2012 WL 2401234, at *6 (E.D.
Cal. June 25, 2012) (holding that petitioner who waited 447 days
after the California Supreme Court denied habeas relief before

16

1  filing a federal habeas petition did not make the requisite showing

2  of diligence to support equitable tolling of the statute of

3  limitations).  Likewise, Lopez failed to establish that he is

4  entitled to the equitable tolling of AEDPA's statute of

5  limitations.

6                    **IV.  CONCLUSION**

7       For the reasons set forth above, Respondent's Motion to

8  Dismiss Petition for Writ of Habeas Corpus should be **GRANTED**.  This

9  Report and Recommendation will be submitted to the United States

10  District Court Judge assigned to this case, pursuant to the

11  provisions of 28 U.S.C. § 636(b)(1).  Any party may file written

12  objections with the Court and serve a copy on all parties on or

13  before **July 5, 2013**.  The document should be captioned "Objections

14  to Report and Recommendation."  Any reply to the objections shall

15  be served and filed on or before **July 19, 2013**.

16       The parties are advised that failure to file objections within

17  the specified time may waive the right to appeal the district

18  court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir.

19  1991).

20       **IT IS SO ORDERED.**

21  DATED: June 6, 2013

                                   Ruben Brooks
22                                 _____
                                   Ruben B. Brooks
                                   United States Magistrate Judge

23

24

25

26

27

28