# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TITO ODILON LOPEZ,<br><br>                          Petitioner,<br><br>    v.<br><br>RANDY GROUNDS, Warden,<br><br>                         Respondent. | CASE NO. 12-CV-01941-IEG (RBB)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION [Doc. No. 16];**<br><br>**(2) GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS [Doc. No. 10]; and**<br><br>**(3) DENYING CERTIFICATE OF APPEALABILITY.** |

      This matter is before the Court on the motion of Respondent Randy Grounds ("Respondent") to dismiss petition for writ of habeas corpus [Doc. No. 10, Resp.'s Mot.], made in response to Petitioner Tito Odilon Lopez's ("Lopez") Petition for Writ of Habeas Corpus ("Petition") [Doc. No. 1]. Respondent asserts that the Petition is barred by the one-year statute of limitations. [Doc. No. 10, Resp.'s Mot. at 2.] Magistrate Judge Ruben Brooks issued a Report and Recommendation ("R & R") recommending that the Court dismiss the Petition as untimely. [Doc. No. 16, R & R.] Lopez subsequently filed an Objection to the R & R ("Objection"). [Doc. No. 17, Objection.]

      Upon *de novo* review, the Court concludes Lopez did not file his Petition

- 1 -

within the statute of limitations, and is not entitled to statutory or equitable tolling. Accordingly, the Court **ADOPTS IN FULL** the R & R and **GRANTS** Respondent's motion to dismiss.

## BACKGROUND

The R & R contains an accurate summary of the proceedings in this case, and the Court fully adopts the Magistrate Judge's detailed background. [Doc. No. 16, R & R at 2-5.] In sum, Lopez was sentenced to thirty years, eight months to life following conviction by jury trial in San Diego County Superior Court of the following charges: (1) torture; (2) assault and battery; (3) kidnapping with infliction of permanent paralysis; (4) forcible rape; (5) forcible oral copulation with use of a deadly weapon; (6) assault by means of force likely to produce great bodily injury; (7) assault with a deadly weapon; (8) corporal injury to a spouse/roommate with use of a deadly weapon; (9) corporal injury to a spouse/roommate with infliction of permanent paralysis; (10) making a criminal threat; and (11) false imprisonment with use of a deadly weapon. [Id. at 2-3.]

On February 5, 2008, the California Court of Appeal for the Fourth District, Division One, modified the judgment on direct appeal by striking the false imprisonment charge and attendant enhancements on the ground that this charge was a lesser included offense of the kidnapping count, and otherwise affirmed the conviction. [Id. at 3.] The California Supreme Court denied Lopez's petition for direct review on May 14, 2008. [Id.] Lopez did not file for writ of certiorari with the United States Supreme Court. [Id. at 4.]

Lopez subsequently challenged his conviction collaterally in state court by filing a petition for writ of habeas corpus in the San Diego Superior Court which was denied on June 23, 2009. [Id.] Continuing his state court challenges, Lopez then filed a petition for writ of habeas corpus in the California Court of Appeal which was denied on September 23, 2009. [Id.] Finally, on April 14, 2010, the Supreme Court of California denied Lopez's last petition for writ of habeas corpus

filed in state court. [Id. at 4-5.]

On August 5, 2012, Lopez filed the instant Petition for Writ of Habeas Corpus in this Court,[1] which Respondent now moves to dismiss as untimely. [Doc. No. 10, Resp.'s Mot.] On June 6, 2013, Magistrate Judge Brooks issued a R & R recommending that the Court dismiss the Petition as untimely. [Doc. No. 16, R & R.] Lopez subsequently filed an Objection to the R & R in which he argues that the statutory period should be tolled based on his inability to timely file as a result of his lack of English language skills and his low intelligence quotient. [Doc. No. 17, Objection at 1-2.]

## LEGAL STANDARD

The duties of the district court in connection with a magistrate judge's R & R are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court "must make a de novo review determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also United States v. Raddatz, 447 U.S. 667, 676 (1980); United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989).

## DISCUSSION

I.   **Statute of Limitations**

The R & R provides the correct legal standard the Court must apply to determine whether Lopez's Petition is time barred. Per the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal habeas petitions are governed by a one-year period of limitation, which begins to run from the date on which judgment became final by the conclusion of direct review. 28 U.S.C. § 2244(d)(1). Dismissal with prejudice is appropriate for a federal petition filed after the expiration of this

---

[1] The Court adopts the R & R's application of the mailbox rule. [Doc. No. 16, R & R at 5 n. 4.] Accordingly, although the Petition was filed on August 6, 2012, the Court considers the Petition filed on the date of Lopez's signature, August 5, 2012.

one-year period of limitation.  Jiminez v. Rice, 276 F.3d 478, 483 (9th Cir. 2001).

The R & R correctly concludes that Lopez's conviction became final after the expiration of his opportunity to file a petition for writ of certiorari with the United States Supreme Court.  Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  Accordingly, Lopez's conviction became final on August 12, 2008,[2] ninety days after the California Supreme Court's denial of discretionary review on May 14, 2008.  U.S. Sup. Ct. R. 13 (setting the limit for timely filing a writ of certiorari with the United States Supreme Court as ninety days after entry of a judgment by a state court of last resort).  Therefore, the one-year statute of limitation period began the following day, on August 13, 2008, and expired on August 13, 2009.  See Shelby v. Bartlett, 391 F. 3d 1061, 1066 (9th Cir. 2004).  Lopez did not constructively file his Petition until August 5, 2012 when he delivered it to prison authorities.  See Houston v. Lack, 487 U.S. 266, 276 (1988).  Because this date was nearly thirty-six[3] months after the expiration of this period, the Petition is untimely.  Thus, absent a showing that either statutory or equitable tolling should apply, Lopez's Petition is time barred.

### A. Statutory Tolling

The one-year limitations period for habeas petitions is statutorily tolled when a properly filed petition for habeas relief is pending in state court.  28 U.S.C. § 2244(d)(2).  Given the lack of information regarding the exact filing date of Lopez's state court habeas petition [Doc. No. 16, R & R at 11; Doc. No. 10, Resp.'s Mot. at 5], the R & R appropriately analyzes the statutory tolling issue assuming the widest possible latitude and finds, even under such circumstances, the Petition is still

---

[2] The R & R, while reaching the correct conclusion, erroneously calculates this ninety-day period as ending on August 14, 2008. [Doc. No. 16, R & R, at 9.]  The Court adopts the correct calculation of August 12, 2008 as noted above.

[3] The R & R, again reaching the correct conclusion, erroneously states that this intervening period was "almost twenty-eight months." [Doc. No. 16, R & R, at 10.]  The Court adopts the correct calculation of almost thirty-six months as noted above.

untimely. [Doc. No. 16, R & R at 11.] Even if statutory tolling applied until the day after Lopez's state collateral review became final, April 15, 2010, this Petition falls well outside the one-year statutory period ending on April 15, 2011, because Lopez filed the instant federal Petition on August 5, 2012. [Id. at 12.] Accordingly, the Court **ADOPTS** the R & R's recommendation and concludes that Lopez is not entitled to statutory tolling.

### B. Equitable Tolling

The R & R properly sets forth the legal standard for determining whether a habeas corpus petitioner is entitled to an equitable tolling of the statute of limitations. A petitioner is only entitled to equitable tolling "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003) (citing Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). Generally, a party seeking equitable tolling bears the burden of establishing that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citing Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990)). A petitioner bears the burden of showing that "extraordinary circumstances," rather than his lack of diligence, were the cause of any untimeliness. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). A petitioner must also show a causal connection between the grounds upon which he asserts a right to equitable tolling and his inability to file a timely federal habeas petition. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005).

The R & R addresses and correctly rejects each of Lopez's arguments in favor of equitable tolling. [Doc. No. 16, R & R at 13-17.] In his Objection, Lopez contends that equitable tolling is justified due to the language barrier resulting from his lack of English language abilities and low intelligence quotient. [Doc. No. 17, Objection at 1-2.] In support of this argument, Lopez includes results from examinations completed while in state custody. [Doc. No. 17, Ex. A at 4-7.]

Controlling authority provides that "a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006). In Mendoza, the court held that equitable tolling potentially applied where a Spanish-speaking inmate alleged that he "[1] lacks English language ability, [2] was denied access to Spanish-language legal materials, and [3] could not procure the assistance of a translator during the running of the AEDPA limitations period." [Id. at 1071.] While recognizing that these allegations could establish the requisite extraordinary circumstances, the Court remanded for further review of whether the inmate "exercised the requisite diligence in his search for Spanish-language materials or a willing translator." [Id. at 1071 n.6.]

Here, unlike Mendoza, while Lopez alleges that he only speaks Spanish and lacks English language proficiency [Doc. No. 17, Objection at 1-2], he does not allege that, during the running of the statutory period, Spanish-language legal materials were inaccessible or that he could not procure translation assistance. Even taking Lopez's self-proclaimed low intelligence quotient into account, there is no indication that he was unable to procure such materials or assistance. Thus, Lopez's argument for equitable tolling due to a language barrier fails to establish extraordinary circumstances and is therefore unpersuasive.[4] Because Lopez fails to establish extraordinary circumstances, the Court need not address the issue of Lopez's diligence. Accordingly, the Court rejects Lopez's Objection and **ADOPTS** the R & R's recommendation that Lopez is not entitled to equitable tolling.

---

[4] Lopez also cites People v. Garcia, 63 Cal. 2d 265 (1965). Even if the Court were to consider this California state court decision, the facts in Lopez's case are readily distinguishable. Despite the common language barrier issue, Lopez does not allege any of the additional factors present contributing to Garcia's inability to timely file such as transfer between prisons or solitary confinement. Id. at 299.

## II. Certificate of Appealability

A petitioner complaining of detention arising from state court proceedings must obtain a certificate of appealability to file an appeal of the final order in a federal habeas proceeding. 28 U.S.C. § 2253(c)(1)(A) (2007). The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). To make a "substantial showing," the petitioner must "demonstrat[e] that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable[.]" Beaty v. Stewart, 303 F.3d 975, 984 (9th Cir. 2002) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Here, because Lopez has not made a "substantial showing," the Court **DENIES** a certificate of appealability with respect to all of Lopez's claims.

## CONCLUSION

Based on the foregoing, the Court **ADOPTS IN FULL** Magistrate Judge Brooks's well-reasoned Report and Recommendation and **GRANTS** Respondent's motion to dismiss. The Petition is **DISMISSED WITH PREJUDICE**. The Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:** August 16, 2013

**IRMA E. GONZALEZ**
**United States District Judge**